IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JAMAR PAXTON, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:22-cv-358–HEH
)
RICHMOND CITY JUSTICE )
CENTER STAFF, )
)
    Defendant. )

**MEMORANDUM OPINION**
**(Dismissing Action Without Prejudice)**

Plaintiff Jamar Paxton ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action. To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). In his current Complaint, Plaintiff does not identify the particular constitutional right that was violated by Defendant's conduct. Plaintiff's current allegations also fail to provide Defendant with fair notice of the facts and legal basis upon which his or her liability rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Accordingly, by Memorandum Order entered on October 24, 2022, the Court directed Plaintiff to submit a particularized complaint within thirty (30) days of the date of entry thereof. The

Court warned Plaintiff that the failure to submit the particularized complaint would result in the dismissal of the action.

More than thirty (30) days have elapsed since the entry of the October 24, 2022 Memorandum Order. Plaintiff failed to submit a particularized complaint or otherwise respond to the October 24, 2022 Memorandum Order. Accordingly, the action will be dismissed without prejudice.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Dec. 12, 2022
Richmond, Virginia